IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL PADUA GONZALEZ ) | |
| ) | CIVIL NO. _____ |
| Plaintiff, ) | |
| vs. ) | **CIVIL RIGHTS** |
| ) | |
| AT&T, CARIBEX WORLDWIDE, ) | |
| ANGEL RIOS ORTIZ, FISCAL de DISTRITO ) | |
| de Aguadilla ) | <u>JURY TRIAL DEMANDED</u> |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the plaintiff by and through the undersigned counsel and respectfully states:

1. The present is a civil action arising under 42 USC 1983 and supplemental jurisdiction under Article 1802 of Puerto Rico Civil Code.  Damages are in excess of $75,000.00.

2. Plaintiff is a an adult, resident of HC7 Box 72182, San Sebastian, Puerto Rico 00685.

3. Defendant AT&T is a for profit corporation, doing business in Puerto Rico and with offices in Calle Oregon 103, Guaynabo, Puerto Rico 00603.

4. Angel Rios Ortiz, at all times relevant to this claim was an employee of AT&T, with a work address at Calle Oregon 103, Guaynabo, Puerto Rico 00603.

5. Caribex Worldwide is a for profit corporation and former employer of Plaintiff, located in Rd. 110 Aguadilla and mailing address PO Box 2504060, Aguadilla, Puerto Rico 00604.

6. The Fiscal de Districto de Aguadilla is a government officer tasked with the prosecution of criminal cases. Its address is P.O. Box 92 Aguadilla, P.R. 00605.

7. On October 19, 2011 Plaintiff had been employed with Caribex Worldwide for 5 years. That same day Plaintiff was summoned to a meeting at AT&T's offices in Guaynabo. At the meeting, present were Defendant Rijos, Chief of Security for AT&T in Puerto Rico. Joselyn Ramos, Senior V.P. for defendant Caribex and Peter Chat V.P. for Caribex.

8. The meeting had been called on the same day and Plaintiff had no knowledge of the purpose of said meeting. During the meeting Plaintiff was falsely accused of having robbed AT&T merchandise that Caribex had been contracted to transport in Puerto Rico.

9. During the meeting in which Plaintiff was falsely accused and threatened, he was ordered to sign a statement, which he refused to do and left the meeting. He was told by the Caribex executives that if he left he would loose his job.

10. On November 2, 2011 Plaintiff was maliciously suspended for two weeks from his employment at Caribex for allegedly "punching in" to work 15 minutes early.

11. On January 2012, Plaintiff returned to the Caribex Headquarters after completing his deliveries. He inquired if there were any routes for him the following day and he was told to report at 6:00 a.m. Upon reaching work the following day he was told there were no routes for him that day to do deliveries. One of Caribex'

managers, Samuel Noriega told him, that even though there are 3 routes, none were for him.

12. A few days after he is told that there is no work for him on that day; Plaintiff is summarily dismissed without prior notice. Defendant Caribex claims that he was fired because he never showed up for his work. He had been employed for 5 years and 7 months.

13. Due to the wrongful dismissal, Plaintiff was initially denied unemployment benefits. However, upon the Plaintiff's appeal of the decision he was awarded benefits when the initial determination was overturned.

14. On May 21, 2012 Plaintiff was falsely charged with several counts of aggravated theft for acts which allegedly took place between April and August of 2011; claiming he had stolen AT & T property consisting of several mobile phones.

15. On 19 March, 2013 the Superior Court of Aguadilla held a Bench Trial in the matter of the People of Puerto Rico vs. Angel Padua Gonzalez Criminal Num.: A1VP20120178-0179.

16. The trial lasted several days, after which, Mr. Padua Gonzalez was found not guilty and cleared on all charges.

17. The false criminal charges filed against Plaintiff were the same ones he had been falsely accused of during the meeting at the AT&T offices on November 2011.

18. After criminal investigation was completed, the charges were filed based on the accusations by agents or employees of AT&T; Angel Rios Ortiz and Caribex.

19. The aforementioned private defendants conspired with the Fiscal de Distrito de Aguadilla to bring this false accusations and criminal charges against Plaintiff all in violation of 42 USC 1983.

20. The actions of the "private defendants" as alleged herein in conjunction with the Fiscal de Distrito de Aguadilla were for no other reason than to conspire to deprive Plaintiff of his federal rights and merit imposition of punitive damages for bad faith and abuse of power.

21. As a result of the actions and omissions of defendants, Plaintiff has severely suffered.  He was left unemployed, his name and reputation tarnished with news reports and publicity of his arrest and charges; he has been affected emotionally and psychologically.

22. Plaintiff suffered physical, emotional and psychological damages.  He has lost income, capacity to earn income and future income.  His reputation and character have been permanently damaged.

**WHEREFORE**, it is respectfully requested that the Court enter judgment for Plaintiff.

Respectfully submitted,

LAW OFFICES OF WILFREDO A. GEIGEL
Attorneys for Plaintiff

Dated: March 20, 2014          By: /s/  Eugenio Géigel-Simounet, Esq._____
Eugenio W.A. Géigel-Simounet, Esq.
U.S.D.C. No. 220601
PO Box 9187, San Juan, PR  00908
Tel: (340) 778-8069
egeigel@gs-lawoffices.com