THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANGEL PADUA GONZALEZ,**<br>     Plaintiff<br>          v.<br>**AT&T MOBILITY PUERTO RICO, INC.,**<br>**CARIBEX WORLDWIDE, INC.**<br>**ANGEL RIOS ORTIZ,**<br>     Defendants | Civil Case No. 14-1243(PG) |

**OMNIBUS OPINION AND ORDER**

Plaintiff Angel Padua Gonzalez ("Padua") filed suit against CaribEx Worldwide, Inc. ("CaribEx"), AT&T Mobility Puerto Rico, Inc. (AT&T) and Angel Rios Ortiz ("Rios") alleging that the defendants conspired to bring false accusations and criminal charges against him. CaribEx and AT&T filed separate motions to dismiss. See Dockets No. 8 and 16, respectively. Subsequently, CaribEx filed a Supplemental Motion to Dismiss. See Docket No. 30. For the reasons discussed below, we **GRANT** in part and **DENY** in part both motions to dismiss.

**I.   Factual and Procedural Background**

This suit was filed on March 20, 2014. See Docket No. 1. The plaintiff claims damages under 42 U.S.C. § 1983 and supplemental jurisdiction under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141. According to Padua, he was falsely accused by CaribEx (his employer) and AT&T for stealing some of the latter's merchandise that CaribEx had been contracted to transport in Puerto Rico. See Docket No. 1 at ¶ 8. The plaintiff claims that following the nefarious meeting where CaribEx and AT&T officials confronted him with the alleged theft, he was first suspended, and then, wrongfully dismissed. See Docket No. 1 at ¶ 7.

Padua goes on to recount that on March 21, 2012, he was formally charged with several counts of aggravated theft for the same incident for which he was terminated. Id. ¶ 14. The plaintiff claims that AT&T and CaribEx actively conspired with Rios, a state prosecutor assigned to the district of Aguadilla, to bring the criminal charges against him. Id. ¶ 14. As to defendants' motivations for engaging in the alleged conspiracy,

the plaintiff states they were sorely moved by a desire to "conspire to deprive [him] of his federal rights." Id. at ¶ 20.

On March 19, 2013, the Superior Court of Aguadilla held a bench trial in the matter of the People of Puerto Rico v. Angel Padua Gonzalez, Criminal No. A1VP20120178-0179 (the "Criminal Case"). Id. ¶ 15. On March 8, 2013, the court found Padua not guilty. Id. at ¶ 16. The Court of First Instance notified the Judgment on March 19, 2013. See Docket No. 30-3.

Prompted by his belief that the Criminal Case had been actively promulgated by AT&T and CaribEx, in cahoots with the prosecutor, the plaintiff initiated this action. On May 5, 2014, CaribEx filed a Motion to Dismiss, which was duly opposed by plaintiff. See Dockets No. 8 and 15, respectively. CaribEx's Reply soon followed. See Docket No. 21.

Shortly thereafter, on June 4, 2014, AT&T also filed a Motion to Dismiss. See Docket No. 16. Plaintiff opposed the motion. See Docket No. 25. AT&T replied to the opposition. See Docket No. 28.

On August 20, 2014, CaribEx filed a Supplemental Motion to Dismiss to further develop a statute of limitations argument for dismissal. See Docket No. 30. Plaintiff moved to strike CaribEx's motion on the grounds that CaribEx had to obtain prior leave of Court to file a Reply Memorandum.[1] See Docket No. 31. On March 26, 2015, the Court denied the motion to strike. See Docket No. 47.

**II.   LEGAL STANDARD FOR MOTIONS TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalan v. U.S., 734 F.3d 100, 102 (1st Cir.2013) (quoting Fed.R.Civ.P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the

---

[1] CaribEx replied and plaintiff responded. See Dockets No. 33 and 36, respectively. Lastly, CaribEx filed a Sur-reply to the motion to strike. See Docket No. 44.

plaintiff's favor." Cooper v. Charter Communications Entertainments I, LLC, 760 F.3d 103, 104 (1st Cir. 2014) (citing Maloy v. Ballori–Lage, 744 F.3d 250, 252 (1st Cir.2014)) (internal quotation marks omitted).

"To cross the plausibility threshold [sic], the plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cooper, 760 F.3d at 106 (citing Maloy, 744 F.3d at 252). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir.2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 556 U.S. at 678). "A complaint 'must contain more than a rote recital of the elements of a cause of action,' but need not include 'detailed factual allegations.'" Rodriguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico, 743 F.3d 278, 283 (1st Cir.2014) (citing Rodríguez–Reyes v. Molina–Rodríguez, 711 F.3d 49, 53 (1st Cir.2013)). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 556 U.S. at 681).

### III. ARGUMENTS

#### A. CARIBEX'S MOTION TO DISMISS

**(1)  Failure to State a Claim for Malicious Prosecution under § 1983**

CaribEx avers that plaintiff failed to state a claim under § 1983 for

several reasons. First and foremost, CaribEx argues that it is not state actor for § 1983 purposes. In addition, CaribEx points out that plaintiff did not state which of his federal constitutional or statutory rights was violated. Moreover, even putting that omission aside, CaribEx affirms that plaintiff's allegations do not configure violations under either the Fourteenth or the Fourth Amendment for malicious prosecution. See Docket No. 8.

Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982) (internal quotation marks omitted). To prevail in a § 1983 claim, a plaintiff "must allege facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir.2005) (quoting Romero-Barceló v. Hernández- Agosto, 75 F.3d 23, 32 (1st Cir.1996)).

### (i)    Caribex is not a State Actor

In its Motion to Dismiss, CaribEx argues that the plaintiff is unable to successfully maintain a claim of malicious prosecution because it cannot establish that CaribEx is a state actor. See Docket No. 11 at page 18.

One of the threshold elements to a claim under § 1983 is that the deprivation of the right claimed was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 47, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The state actor component requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000) (quoting Lugar v. Edmonson Oil Co., 457 U.S. 922, 940–41 (1982). "A defendant may be a state actor because he is a state official, because he acted together with a state official, or because his conduct is otherwise chargeable to the State." Gonzalez-Morales, 221 F.3d at 49 (citing Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.3d 252, 258 (1st Cir. 1993)).

Plaintiff acknowledges that CaribEx is not a state actor under § 1983 but avers that, because it acted "in such proximity" or so "closely with a state actor," it can be deemed to be one. See Docket No. 15 at page 7. Furthermore, says plaintiff, "the state action arises when AT&T then passes all the information compiled by CaribEx to the Police and the Fiscal de Distrito (Aguadilla District Attorney)". See Docket No. 15 at pages 8-9. According to Padua, he was "wrongfully charged" solely on the basis of that "false information...which was not independently corroborated…" Id. at page 9.

Though plaintiff is correct in that an otherwise private party can be viewed as a state actor by virtue of its close relation with a public entity, "something more than mere resort to a state court is required to transform the moving party into 'a co-conspirator or a joint actor…'" See Casa Marie, 988 F.2d at 259 (quoting Dennis v. Sparks, 449 U.S. 24, 28 (1980)).

"The 'state action' requirement may be met where (1) a sufficient financial or regulatory nexus exists between the private party and the state entity; (2) the private party has been delegated authority to conduct a public function traditionally within the exclusive prerogative of the State; or (3) the private party and the state entity share a symbiotic, interdependent relationship." See Casa Marie, 988 F.2d at 259, n.7 (quoting Rodriguez-Garcia v. Davila, 904 F.2d 90, 96-99 (1st Cir. 1990)).

Though Padua points to the joint action/nexus test as grounds for finding that CaribEx is a state actor, this court fails to see how the allegations in the Complaint support that conclusion. Plaintiff's claims do not justify a finding that the state "has so far insinuated itself into a position of interdependence with [the private party]"[2], that its conduct is thus attributable to CaribEx.

Aside from postulating that the criminal charges were solely based on CaribEx's and AT&T's version of the facts, there is no allegation that

---

[2] Camilo Robles v. Hoyos, 151 F.3d 1, 10 (1st Cir. 1998) (quoting Barrios-Velazquez v. Asociacion De Empleados Del Estado Libre Asociado, 84 F.3d 487, 494 (1st Cir.1996)).

suggests an actual conspiracy between those parties and the prosecutor to deprive plaintiff of a federally protected right. Roughly 7 months elapsed between the meeting where Padua was allegedly accused of theft,(which took place on October, 2011), and the filing of criminal charges against him (May, 2012). Plaintiff does not address this delay. A plausible explanation could well be that during those 7 months the government was carrying out an independent investigation regarding the criminal complaint against Padua. Hence, the time lapse further supports a conclusion that plaintiff did not establish a conspiratorial nexus between CaribEx, AT&T and the prosecutor.

Even if we took as true Padua's conclusory allegations, he still fails to sufficiently plead that CaribEx was a willful participant in a joint conspiratorial activity with the state or its agents. Therefore, as pleaded in the Complaint, CaribEx is not amenable to suit under § 1983.

**(ii) Failure to state a claim under the Fourth Amendment**

CaribEx correctly points out that the Complaint does not specify under which Amendment to the U.S. Constitution are the § 1983 claims being brought. See Docket No. 8 at page 10. Plaintiff disagrees, stating he has sufficiently pled a Fourth Amendment cause of action. See Docket No. 15 at page 10.

The First Circuit has recognized the existence of a Fourth Amendment malicious prosecution suit under § 1983 in certain circumstances. Hernandez Cuevas v. Taylor, 723 F.3d 91, 94 (1st Cir. 2013). In *Hernandez Cuevas*, this Circuit finally stated that it was "convinced that an individual does not lose his Fourth Amendment right to be free from unreasonable seizure when he becomes detained pursuant to judicial process." Id. at 100.

> Certainly, in most cases, the neutral magistrate's determination that probable cause exists for the individual's arrest is an intervening act that could disrupt any argument that the defendant officer had caused the continued unlawful seizure. … But, if a plaintiff can overcome this causation problem and demonstrate that law enforcement officers were responsible for his continued, unreasonable pretrial detention, the plaintiff has stated a constitutional injury

>      that may be vindicated through a § 1983
>      action.

Id. (internal citations omitted).

It follows, then, that in order to bring a § 1983 malicious prosecution claim under the Fourth Amendment, a plaintiff shall establish that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Hernandez-Cuevas, 723 F.3d at 101 (citation and quotation marks omitted).

In its Motion to Dismiss, CaribEx avers that plaintiff did not allege that he was arrested without probable cause or otherwise seized within the meaning of the Fourth Amendment, thereby failing to support a claim for malicious prosecution. See Docket No. 8 at page 13. Again, this court agrees with CaribEx's reading of the Complaint.

In cases of malicious prosecution under § 1983 "the constitutional violation lies in the 'deprivation of liberty accompanying the prosecution' rather than in the prosecution itself." See Moreno-Medina, 458 Fed.Appx. 4 at 7 (quoting Britton v. Maloney, 196 F.3d 24, 28-29 (1st Cir. 1999)). "Typically, the alleged deprivation takes 'the form of an arrest warrant (in which case the arrest would constitute the seizure) or a subsequent charging document (in which case the sum of post-arraignment deprivations would comprise the seizure).'" Id. (internal citations omitted).

Hence, Padua must, at the very least, allege that he was somehow "forced to 'yield' to the assertion of authority over him and thereby [had] his liberty restrained, for example by being detained or having his travel restricted." Id. at 8. There are no allegations here that Padua was arrested at any point or otherwise seized within the meaning of the Fourth Amendment. Therefore, his allegations are not enough to raise a right to relief above the speculative level.

Based on the above, the court **GRANTS** CaribEx's request that the plaintiff's Fourth Amendment claims be dismissed.

**(iii) Failure to state a claim under the Fourteenth Amendment**

Despite the fact that the Complaint is silent as to any allegations under the Fourteenth Amendment, the plaintiff makes a passing reference

to malicious prosecution actions under said Amendment in his Reply to CaribEx's opposition to the motion to dismiss. The court is unclear as to whether plaintiff is claiming a Fourteenth Amendment violation. However in reading the Complaint in the light most favorable to the non-movant, it will briefly touch on the matter.

Padua is mistaken in declaring that the Supreme Court of the United States recognized § 1983 malicious prosecution actions under the Fourteenth Amendment in Albright v. Oliver, 510 U.S. 266 (1993). Actually, *Albright* stands for the opposite proposition. See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 98 (1st Cir.2013)(recognizing that *Albright* firmly closed the door on substantive due process as a vehicle for bringing claims of malicious prosecution).

Moreover, the First Circuit Court of Appeals has held that a plaintiff's § 1983 malicious prosecution claim, as the case is here, "is not properly based on either a procedural or substantive due process violation." Meehan v. Town of Plymouth, 167 F.3d 85, 88 (1st Cir.1999). "A § 1983 claim for malicious prosecution as a deprivation of procedural due process is barred where, as here, the state's tort law recognizes a malicious prosecution cause of action." Id. (quoting Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249, 256 (1st Cir.1996); Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42-43 (1st Cir.1994)). See also Montalvo Febus v. Sanchez, No. 11-1428(GAG), 2013 WL 6628299, at *5 (D.P.R. December 16, 2013).([T]he availability of an adequate remedy for malicious prosecution under Commonwealth law, see P.R. Laws Ann. tit. 31, § 5141 (1991), is fatal to Plaintiff's procedural due process claim.").

Therefore, the court **GRANTS** CaribEx's request that the plaintiff's Fourteenth Amendment claims be dismissed.

    **(2)Statute of Limitations**

Although § 1983 provides a federal cause of action, the length of the limitations period is drawn from state law. Wallace v. Kato, 549 U.S. 384, 387 (2007). The parties do not dispute that the statute of limitations period of one year for tort actions under Puerto Rico law applies to a § 1983 suit. Centro Medico del Turabo v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005); see also 31 P.R. Laws Ann. § 5298(2). Unlike the limitation period itself, the accrual date of a

§ 1983 claim is a matter of federal law. Wallace, 549 U.S. at 388. Consequently, section 1983 claims accrue at the moment the plaintiff knows, or has reason to know, of the injury that is the basis for the claim. Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 3 (1st Cir.1995).

In Medina v. Toledo, 718 F.Supp.2d 194, 204 (D.P.R. 2010), this Court held that "a malicious prosecution claim under the Fourth Amendment, if properly pled, would begin to accrue on…the date the criminal charges against [Plaintiff] were dismissed." See also, Hernandez-Cuevas, 723 F.3d at 96 (citing Wallace, 549 U.S. at 390))(Holding that a claim of malicious prosecution accrues on the day that the proceedings terminate in the plaintiff's favor.)

In the Motion to Dismiss, CaribEx expressed that because the claims were not "properly pled," it could not be said that the action was timely. See Docket No. 8 at page 17. This stab at dismissal is undeveloped, at best, but the Court is more concerned with the argument that CaribEx put forth in the Supplemental Motion to Dismiss. In the latter, CaribEx avers that plaintiff's acquittal in the Criminal Action took place on March 8, 2013. See Docket No. 30 at page 4 and Docket No. 30-3. The judgment, however, was notified on March 19, 2013. See Docket No. 30-3.

It is CaribEx' position that because Padua was present in Court on the day that he was found not guilty, he became aware at such time of the alleged injury that he suffered, namely "the filing of false criminal charges." See Docket No. 30 at page 6. Hence, the statute of limitations started to run on March 8 and not on the date that the judgment was notified, i.e., on March 19, 2013. See Docket No. 30-3.

The plaintiff claims the opposite. He states that it is the entry of judgment, and not the verdict that starts the clock on the statute of limitations. See Docket No. 31. In any case, says Padua, he served defendants with a notice of potential claim via certified mail that tolls the statute of limitations under Puerto Rico law.[3] See Docket No. 31 at page 4. But Padua did not attach a copy of the letter and CaribEx refutes its existence. See Docket No. 33.

---

[3] Padua first mentions the CaribEx tolling letter in his Motion to Strike CaribEx's Supplemental Motion. See Docket No. 31.

Generally, the Court will not consider matters outside the pleadings when considering a motion to dismiss. "Under Fed.R.Civ.P. 12(b), when matters outside the pleadings are presented to and not excluded by the district court, the court shall treat the motion as one for summary judgment, and must provide ten days notice prior to a hearing according to Fed.R.Civ.P. 56(c)." Puerto Rican-American Ins. Co. v. Benjamin Shipping Co. Ltd., 829 F.2d 281, 285 (citing Hickey v. Arkla Indus., Inc., 615 F.2d 239, 240 (5th Cir.1980)); see also Garita Hotel Ltd. Partnership v. Ponce Federal Bank, 958 F.2d 15, 18 (1st Cir. 1992).

In the Supplemental Motion, CaribEx includes several exhibits and asks the Court to read them in conjunction with the Complaint to rule on of the statute of limitations issue. See Docket No. 30. Moreover, in order to properly assess Padua's claim that the statute of limitations was tolled with a correspondence that complies with Article 1873 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5303, the Court would need to examine such correspondence. That would necessarily entail the review of extraneous documents and hence, the conversion of the Motion to Dismiss into one for Summary Judgment.

For that reason, the court declines to address the statute of limitations controversy at this juncture.

**(3) Supplemental Claims**

Lastly, insofar as the federal claims do not withstanding 12(b)(6) review, the court declines to exercise supplemental jurisdiction over state law claims against CaribEx. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998) ("the balance of factors ordinarily weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.")

**B. AT&T'S MOTION TO DISMISS**

**(1) Failure to state a claim**

AT&T essentially raises the same defenses as CaribEx, arguing that plaintiff failed to state a cause of action under 42 USC § 1983 and the local statutes. AT&T also claims that it is not a "state actor" for purposes of § 1983. See Docket No. 16.

We agree with AT&T that plaintiff has not alleged any facts to

support a claim that the former acted under color of state law. The Complaint merely states that AT&T "conspired" with CaribEx and the Aguadilla Prosecutor to deprive Padua of his federally-protected rights. See Docket No 1 at ¶ 19. This is the type of conclusory allegation that does not survive the 12(b)(6) hurdle.

AT&T correctly points out that the only allegation in the Complaint that would support a claim of malicious prosecution is that Padua was found "not guilty" in the Criminal Case. That alone does not suffice. See Roche v. Hancock Mut. Life Ins. Co., 81 F.3d 249, 254 (1st Cir. 1996).

Plaintiff replies that AT&T obtained his personal and employment information and "then used it to fabricate various false formal criminal charges." See Docket No. 25 at page 5. According to Padua, these charges were the "foundation and in fact the sole basis for the criminal investigation and subsequent criminal charges filed." Id. More evidence of the conspiracy, says plaintiff is that "the only two witnesses utilized by the prosecutor" at the preliminary hearing were employees of AT&T and CaribEx, respectively.  See Docket No. 25 at page 6.

Again, we fail to read in these allegations a claim for malicious prosecution. If AT&T and CaribEx filed a criminal complaint for the alleged theft of the mobile devices, it is not surprising that their officers and employees assisted the investigators in charge. Roche, 81 F.3d at 254, n. 2 ("There is a strong public interest in encouraging people to bring possible wrongdoing to the authorities' attention. Consequently, when a private party, acting in good faith, reports suspected criminal activity to the police, the cutlass of the federal civil rights statute remains in its scabbard.") (Citations omitted). Thus, we fail to see how the Complaint avers a cause of action for Fourth Amendment malicious prosecution violations.

Lastly, AT&T also posits that the complaint is time-barred. See Docket No. 16. The Court has already addressed this matter and thus there is no need to restate our previous determinations.

Therefore, after examination of the parties' pleadings, the court GRANTS AT&T's Motion to Dismiss the malicious prosecutions claims under the Fourth and the Fourteenth Amendment.

**(2)   Supplemental Claims**

Insofar as the federal claims do not withstanding 12(b)(6) review, the court declines to exercise supplemental jurisdiction over state law claims against AT&T.

**IV.  CONCLUSION**

For the reasons set forth herein, the court finds that plaintiff's § 1983-based malicious prosecution claims against CaribEx and AT&T pursuant to the Fourth and Fourteenth Amendments fail to state a claim upon which relief can be granted. Hence, the claims are **DISMISSED WITHOUT PREJUDICE**.  As no federal claims remain as to these two defendants, the Court declines to exercise supplemental jurisdiction over any pending state law claims as to CaribEx and AT&T, thereby **DISMISSING** them **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, March 31, 2015.

                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        JUAN M. PÉREZ-GIMÉNEZ
                                        SENIOR U.S. DISTRICT JUDGE